IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE D. MCCARLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:07CV311-MHT |
| ) | |
| CITY OF ROANOKE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, brings claims pursuant to 42 U.S.C. §§ 1983 and/or 1985 against: (1) the City of Roanoke and some of its officers and employees (in their individual and official capacities); (2) the Alabama Attorney General (in his official capacity); (3) the Commissioner of the Alabama Department of Revenue and other department employees (in their individual and official capacities); and (4) Frank Nelson (a realtor), the agencies for which he works (REMAX Results and Re/Max International), and a law firm which advised

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Nelson with regard to the sale of property obtained from plaintiff through foreclosure.[2]

The present complaint represents plaintiff's second attempt to litigate his claims before this court. In Civil Action No. 3:06cv663-MHT, plaintiff sued fifteen of the defendants he now sues.[3] In that case, after noting deficiencies in plaintiff's complaint, Magistrate Judge Boyd set the case for a pre-service hearing to allow plaintiff the opportunity to explain the factual basis for his complaint against the defendants. At the hearing, Judge Boyd specifically advised plaintiff that his complaint failed to state cognizable claims against the defendants and sought relief from defendants who were either immune or not responsible for the action identified as the basis for the complaint (*i.e.*, an allegedly unfounded complaint by Frank Nelson which led to plaintiff's arrest). (See Civil Action No. 06-663, Doc. # 13). Judge Boyd allowed plaintiff an opportunity to amend his complaint to state a viable cause of action against any defendant who was not immune from suit. When plaintiff failed to do so after two months,[4] the court dismissed plaintiff's action without prejudice, on recommendation of the Magistrate Judge. (Id., Doc. ## 13, 15, 16). Four months later, plaintiff filed a motion to reopen the case, asserting as grounds additional events occurring

---

[2] The law firm (Morris Hardwick Schneider) is not listed in the style of the complaint but is referenced in the body of the complaint and plaintiff seeks damages from the firm.

[3] In the earlier case, plaintiff sued five Department of Revenue defendants; he now adds two additional Revenue employees (Avery and Thompson). Plaintiff has also added new defendants Frank Nelson, REMAX Results (Realtor), Re/Max International, and the law firm.

[4] Judge Boyd initially allowed plaintiff one month for amendment, then granted plaintiff a one-month extension of the initial deadline. (Civil Action No. 06-663, Doc. ## 8-10).

after the dismissal of the complaint and arising from plaintiff's May 2006 arrest. (Id., Doc. # 17). The court denied the motion, advising plaintiff that if he has new claims, he should file a new lawsuit. (Doc. # 18).

The court has carefully compared the complaint in the present action to that in Civil Action No. 06-663. Most of plaintiff's 35-page complaint repeats, *verbatim*, the allegations of his previous complaint. In some instances, plaintiff has rearranged paragraphs, paraphrased sentences or made other inconsequential changes or additions to the wording, and he has added quotations from and citations to case law. The gist of the allegations of plaintiff's previous complaint, repeated in this action, is that a number of the defendants conspired to prevent plaintiff from participating as a candidate in elections and furthered that conspiracy by various acts, including subjecting the plaintiff to illegal arrests.[5]

The only additional factual allegations of substance are in paragraphs 22a through 22e of the present complaint. There, plaintiff alleges that he was prosecuted in municipal court based on the REMAX realtor's [Frank Nelson's] "false and malicious charges," and that, during the course of the prosecution, he was denied his rights to discovery and subjected to the testimony of a "surprise witness" whose identity had not been disclosed. He further alleges that he agreed to use two appointed counsel whom he had previously fired "based on a co-counsel approach," but that the judge ordered that only one of the three defenders could

---

[5] The clearest statement of the factual basis for plaintiff's claims is set forth in the "Chronology of Events of Conspiracy" filed by plaintiff as an attachment to Doc. # 9 in Civil Action No. 06-663.

question witnesses, "thus mooting McCarley co-counsel waiver." Plaintiff alleges that he complained to RE/MAX headquarters regarding Nelson. He also alleges that the Roanoke Chief of Police spoke with the City Council before plaintiff did, preparing the Council to discuss an issue other than the one plaintiff wished to discuss with the Council. (See Complaint, pp. 14-17).

As to the claims raised by plaintiff in both this action and Civil Action No. 06-663, plaintiff's present complaint fails to rectify the deficiencies in his previous complaint and these claims are again due to be dismissed. To the extent plaintiff sues new defendants and brings new claims in this action, these claims are likewise due to be dismissed.

Plaintiff asserts § 1985 conspiracy claims against all defendants. However, he expressly alleges that the alleged conspirators have engaged in retaliatory acts against him "due to grudges of incumbents McCarley has tried to defeat." (Complaint, p. 2). Plaintiff's additional allegations make clear that plaintiff contends that defendants' actions against him are due to animus against plaintiff personally because of his previous political activities. (See Complaint, ¶ 24)(detailing plaintiff's history of political involvement); id., ¶ 27 (defendants "did act and conspire to deny rights . . . because of plaintiff's personal convictions, free speech actions, and to injure plaintiff McCarley for lawfully attempting to obtain his rights under the Constitution and laws of the United States to the equal protection of the laws."). Plaintiff's lengthy complaint contains no allegation that defendants' alleged conspiracy was motivated by any racial or otherwise class-based invidiously discriminatory animus and, thus, it fails to state a claim under § 1985(3). See Griffin v. Breckenridge, 403

4

U.S. 88 (1971); GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1370 n. 11 (11th Cir. 1998); Childree v. UAP/GA CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996); Kimble v. D. J. McDuffy, Inc., 648 F.2d 340 (5th Cir. 1981)(§ 1985(2) claim).  Since the type of animus expressly alleged by plaintiff cannot form the basis for a § 1985 conspiracy claim, these claims are due to be dismissed with prejudice.[6]

Plaintiff brings his § 1983 claims against some, but not all, of the defendants.  See Style of Complaint; see also Complaint, p. 35 (addendum listing damages sought against each "1983 defendant").  The defendants sued under § 1983 are Bonner, Holliday, Kitchens, Farmer, Holloway, the City of Roanoke, Attorney General Troy King, Avery, Thompson, Nelson, REMAX Results, RE/MAX International, and Morris Hardwick Schneider. Plaintiff's § 1983 claims against the non-governmental defendants – Nelson, REMAX Results, Re/Max International and Morris Hardwick Schneider – fail to state a claim because, *inter alia*, plaintiff has failed to allege facts sufficient to establish that these defendants are state actors.  See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Additionally, a private corporate defendant "cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." Id. at 1129.

Further, to prevail on a §1983 malicious prosecution claim, plaintiff must demonstrate that the criminal prosecution giving rise to his injury terminated in his favor. Wood v.

---

[6] Plaintiff sues defendants Knox, Griggs, Cannon, Underwood, Surtees, Truitt, Clack and Ziglar only under § 1985 and, thus, they are due to be dismissed as defendants. See Complaint, p. 1, Style (segregating § 1985 defendants from those sued under both § 1985 and § 1983); see also id., p. 35.

Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003). Plaintiff complains that Nelson filed "false and malicious charges" against him, but also affirmatively alleges that, on March 20, 2007, plaintiff was convicted of a lesser offense.[7] (Complaint, ¶ 22c; see also id. at p. 2, ¶ XXI). Under these circumstances, plaintiff cannot presently establish his § 1983 malicious prosecution claim against any of the defendants.[8] Cf. Uboh v. Reno, 141 F.3d 1000, 1004 (11th Cir. 1998)("[C]ourts have found favorable termination to exist by virtue of an acquittal, an order of dismissal reflecting an affirmative decision not to prosecute, a dismissal based on the running of the statue of limitations, an entry of a nolle prosequi, and, in some cases, a granted writ of habeas corpus.").

Plaintiff alleges that the City of Roanoke is liable because it "provided each of the individual defendants official titles, official workspace, and facilities for the conduct of the alleged activities," and it "is the municipal corporation in whose name the individual defendants, and each of them, performed all acts and omissions alleged." (Complaint, p. 8). He further contends that "Roanoke based Co-Conspirators were servants, agents, and employees of co-defendant, The City of Roanoke, . . . so that their acts are imputed to City

---

[7] Plaintiff previously filed a copy of the conviction order, which shows that he was charged with third degree assault but found guilty of harassment. He was sentenced to two months' confinement, to be suspended on payment of a two hundred dollar fine plus court costs. (See Attachment to Doc. # 17 in Civil Action No. 06-663).

[8] Plaintiff's allegations of conduct by defendant Penny Holloway, municipal court clerk, are that she accepted the warrant sworn by Nelson, and that she – along with defendants Farmer, Kitchens, Holliday, and Bonner – caused plaintiff to be carried in a police cruiser to city jail and imprisoned. (Complaint, pp. 13-14). Plaintiff does not allege that Holloway believed Nelson's charge to be false.

of Roanoke[.]" (Complaint, p. 19). See also Complaint, p. 7 ("Defendants were the servants, agents, and employees of their co-defendant, City of Roanoke, so that their acts are imputed to City of Roanoke[.]"). However, the city may not be held liable under section 1983 on a *respondeat superior* theory. Snow ex rel. Snow v. City of Citronelle, AL, 420 F.3d 1262, 1270 (11th Cir. 2005). Plaintiff has not alleged that the execution of any municipal custom or policy caused his injury and, thus, he fails to state a § 1983 claim against the City of Roanoke or the Roanoke defendants in their official capacities. Likewise, to the extent plaintiff bases his claims against any of the supervisory defendants (*e.g.* the Mayor and City Manager) on vicarious liability for the allegedly unconstitutional acts of subordinates, they are due to be dismissed. See Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1307 (11th Cir. 2006)(citing Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)).

Plaintiff's complaint includes allegations regarding actions taken by defendants a number of years ago. For example, he alleges that defendant Bonner, in 1996, gained a seat on the Utility Board and, in 1999, billed plaintiff over $400 for one month of water service (Complaint, p. 2, ¶ III and p. 24), and that defendant Clack, a poll worker, personally refused to accept a vote cast by plaintiff in the 2000 election (id., at p. 26). It is not clear to the court whether plaintiff asserts a cause of action based on these (and other) long past events, or includes them in the complaint only to provide historical background. To the extent he asserts any claims based on these events, many are clearly barred by the two-year statute of limitations for § 1983 and § 1985 claims. See Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).

Plaintiff's claims for damages against the official capacity state defendants are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state. Hans v. Louisiana, 134 U.S. 1 (1890). The State of Alabama has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 or § 1985 cases. Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); Fincher v. State of Florida Dept. of Labor and Employment Security-Unemployment Appeals Commission, 798 F.2d 1371, 1372 (11th Cir. 1986)("We find no express congressional abrogation of the state's Eleventh Amendment immunity with respect to 42 U.S.C. § 1985 actions.").[9]

Plaintiff alleges that the "Roanoke court refuse[d] to issue subpoena or discovery orders," and contends that his rights were violated by the court's taking the testimony of a surprise witness and "virtually order[ing]" plaintiff to use two appointed attorneys as co-counsel. (Complaint, p. 2, ¶¶ XIX-XX, p. 15). It does not appear from the complaint that Judge Holliday, the only named judicial defendant, was actually involved in all of the trial rulings about which plaintiff complains. See Complaint, pp. 14-16 (alleging events occurring

---

[9] As to the state, plaintiff requests damages "and other relief as to this Court seems just, proper, and equitable." However, he makes no specific demand for injunctive relief. (Complaint, p. 31).

after Judge Holliday recused). Even if he were personally involved, however, he is entitled to absolute judicial immunity from plaintiff's claims for damages[10] as Judge Holliday was acting in his judicial capacity and did not act in the "clear absence of all jurisdiction." Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996).[11] Additionally, the municipal prosecutor (defendant Kitchens) is entitled to absolute prosecutorial immunity from plaintiff's § 1983 claims for damages for his role in preparing to initiate, initiating and prosecuting the charge against plaintiff. Jarallah v. Simmons, 2006 WL 2242794, * 2 (11th Cir. Aug. 7, 2006). This is so even where such actions are alleged to be part of a conspiracy. Elder v. Athens-Clarke County, Ga. through O'Looney, 54 F.3d 694 (11th Cir. 1995).

Additionally, as to the individual-capacity § 1983 defendants, plaintiff must meet a heightened pleading requirement which he fails to satisfy. Washington v. Bauer, 2005 WL 2114156, * 3 (11th Cir. Sep. 2, 2005)(citing Laurie v. Alabama Court of Criminal Appeals,

---

[10] Plaintiff does not seek injunctive relief as to Judge Holliday. (See Complaint, p. 30). Even if he did, such claims are also barred judicial immunity. See 42 U.S.C. § 1983 (as amended by Pub. L. 104-317, Oct. 19, 1996).

[11] Plaintiff alleges that the municipal court exceeded its jurisdiction in his case because it has jurisdiction only over violations of municipal ordinances and no such ordinance was involved in his arrest. However, the Alabama statute creating the municipal court provides that it "shall have concurrent jurisdiction with the district court of all acts constituting violations of state law committed within the police jurisdiction of the municipality which may be prosecuted as breaches of municipal ordinances." Ala. Code § 12-14-1. The City of Roanoke has enacted an ordinance which adopts certain state law offenses, including misdemeanors, as offenses against the City. See Roanoke Municipal Ordinance No. 577 (attached to this recommendation). Plaintiff was charged with third degree assault and convicted of harassment, both misdemeanors under Alabama law. See Ala. Code § 13A-6-22; § 13A-11-8; see also Attachment to Doc. # 17 in Civil Action No. 06-663 (conviction order).

256 F.3d 1266, 1275-76 (11th Cir. 2001)). Plaintiff's complaint is rife with conclusory allegations that "all" of the defendants conspired against him and condoned, encouraged or directed each other's actions. However, he includes very few factual allegations regarding specific conduct by any of the individual capacity governmental § 1983 defendants. In the limited instances in which plaintiff *has* included specific factual allegations of conduct attributable to a particular individual defendant, those allegations do not state a claim for a constitutional violation and, in most cases, are clearly barred by the two-year statute of limitations for § 1983 actions.[12]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), as his complaint fails to state a claim upon which relief may be granted and asserts claims against defendants who are immune from liability.[13]

---

[12] The only conduct alleged as to specific individual § 1983 defendants which is arguably within the statute of limitations either: (1) relates to plaintiff's malicious prosecution claim which, as explained *supra*, he cannot presently maintain; or (2) is protected by judicial or prosecutorial immunity.

[13] Plaintiff's § 1985 claim is due to be dismissed with prejudice, as the discriminatory motivation of which he complains cannot support a § 1985 conspiracy claim. Additionally, any claims which plaintiff brings under § 1983 – other than his malicious prosecution claim – are due to be dismissed with prejudice. In Civil Action No. 06-663, the court gave plaintiff the opportunity, after advising him of deficiencies in his pleading, to amend his complaint to state actionable claims against defendants who are not immune. Plaintiff did not take advantage of that opportunity. Although plaintiff had ample warning of the need for amendment, he chose to make virtually no changes of substance before filing his complaint in this case. He is not due yet another opportunity to replead these claims. Plaintiff's new

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 24, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 10th day of May, 2007.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      UNITED STATES MAGISTRATE JUDGE

---

allegations relating to alleged constitutional infractions during his municipal trial and arising from the rulings of the judge or the conduct of the prosecutor are due to be dismissed with prejudice because they are barred by judicial and prosecutorial immunity. Plaintiff's § 1983 malicious prosecution claim arising from his 2006 arrest and subsequent prosecution is due to be dismissed with prejudice as to defendants Holliday and Kitchens – who are protected by judicial and prosecutorial immunity – and without prejudice as to any defendants who are not immune from liability. However, plaintiff may not reassert this claim unless and until his municipal court conviction is set aside.

55

WHEREAS, such certificate of the Clerk has been delivered to me;

NOW, THEREFORE, in pursuance of the authority conferred upon me by such Ordinance; I, Tommy Hill, Mayor of the City of Roanoke, Alabama, hereby proclaim that the License Code of the City of Roanoke, as reported to the City Council on the 10th day of December, 1979, and as adopted by said City Council on that date, in full force and effect as of January 1st, 1980.

This, the 10th day of December, 1979.

                                          Tommy Hill, Mayor
                                          City of Roanoke, Alabama

I, Olin E. Sheppard, as the City Clerk of the City of Roanoke, Alabama hereby certify that the foregoing ordinance was passed and adopted by the Mayor and City Council for the City of Roanoke, Alabama on the 10th day of December, 1979 and was herein recorded and was published in the Roanoke Leader of general circulation in the City of Roanoke, Alabama on the 12th day of December, 1979.

                                          Olin E. Sheppard, City Clerk

## AN ORDINANCE
## NO. 577

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF ROANOKE, ALABAMA, AS FOLLOWS:

Section 1. Any person or corporation committing an offense within the corporate limits of the City of Roanoke, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a misdemeanor, shall be guilty of an offense against the City of Roanoke, Alabama.

Section 2. Any person or corporation committing an offense within the corporate limits of the City of Roanoke, Alabama, or within the police jurisdiction thereof, which is declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a violation, shall be guilty of an offense against the City of Roanoke, Alabama.

56

Section 3. Any person or corporation committing within the corporate limits of the City of Roanoke, Alabama, or within the police jurisdiction thereof, an offense as defined by Section 13A-1-2 of the Alabama Criminal Code, which offense is not declared by a law or laws of the State of Alabama now existing or hereafter enacted to be a felony, misdemeanor or violation, shall be guilty of an offense against the City of Roanoke, Alabama.

Section 4. Any person found to be in violation of Sections One (1), Two (2) or Three (3) of this ordinance shall, upon conviction, be punished by a fine of not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00) and/or may be imprisoned or sentenced to hard labor for the city for a period not exceeding six (6) months, at the discretion of the Court trying the case. Any corporation found to be in violation of Sections One (1), Two (2) or Three (3) of this ordinance shall, upon conviction, be punished by a fine of not less than One Dollar ($1.00) nor more than Five Hundred Dollars ($500.00), at the discretion of the Court trying the case.

Section 5. All ordinances heretofore adopted by the City Council of the City of Roanoke, Alabama, which declared all State misdemeanors to be municipal offenses are hereby expressly repealed.

Section 6. If any part, section or subdivision of this ordinance shall be held unconstitutional or invalid for any reason, such holding shall not be construed to invalidate or impair the remainder of this ordinance, which shall continue in full force and effect

57

notwithstanding such holding.

Section 7. This ordinance shall become effective on January 1, 1980.

ADOPTED AND APPROVED THIS THE 24TH DAY OF DECEMBER, 1979.

                                  (Sn Tommy Hill
                                  Tommy Hill, Mayor

ATTEST:

(Sn Olin E. Sheppard
Olin E. Sheppard, City Clerk

I, Olin E. Sheppard, as the City Clerk of the City of Roanoke, Alabama hereby certify that the foregoing ordinance was passed and adopted by the Mayor and City Council for the City of Roanoke, Alabama on the 24th day of December, 1979 and was herein recorded and was published in the Roanoke Leader of general circulation in the City of Roanoke, Alabama on the 26th day of December, 1979.

                                  Olin E. Sheppard, City Clerk

---

## AN ORDINANCE

### NO. 578

AN ORDINANCE TO ZONE OR CLASSIFY CERTAIN PROPERTY IN THE CITY OF ROANOKE, ALABAMA, AS A GENERAL BUSINESS DISTRICT, TO AMEND THE ZONING ORDINANCE OF THE CITY OF ROANOKE, ALABAMA AND THE ZONING MAP OF ROANOKE, ALABAMA TO REFLECT SUCH ZONING AND CLASSIFICATION, AND TO REPEAL ALL ORDINANCES OR PARTS OF ORDINANCES IN CONFLICT HEREWITH.

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF ROANOKE, ALABAMA, AS FOLLOWS:

Section 1. That the following described property situated in the City of Roanoke, Randolph County, Alabama, be zoned and classified as General Business District property, to-wit:

    All that part of the North Half of the South Half of the Southwest Quarter (N½ of S½ of SW¼) of Section 1, Township 22, Range 12 in Randolph County, Alabama, lying East of that part of U.S. Highway 431 known as the Roanoke By-Pass South

Section 2. That the Zoning Ordinance of the City of Roanoke, Alabama, and the Zoning Map of the City of Roanoke, Alabama, be

AN ORDINANCE AMENDING MUNICIPAL ORDINANCE NO. 577
TO PROVIDE FOR FURTHER AUTHORIZED PENALTIES FOR
CONVICTION OF OFFENSES SET FORTH IN SECTION
32-5A-191, CODE OF ALABAMA, 1975, AS AMENDED

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF ROANOKE, ALABAMA, AS FOLLOWS:

Section 4 of Municipal Ordinance No. 577 is amended by adding at the end thereof the following:

Provided, however, in the enforcement of Section 32-5A-191, Code of Alabama 1975, as heretofore or hereafter amended, and the penalties prescribed thereunder, the Court may impose fines, imprisonment, hard labor, or other authorized punishment in accordance therewith, such fines not to exceed $5,000.00 and sentences to imprisonment or hard labor not to exceed one year, as authorized by Section 11-45-9, Code of Alabama, 1975, as amended.

Adopted and approved this the 20 day of November 1989.

_____
Henry V. Bonner, Mayor

_____
Mack Arthur Bell, Councilmember

_____
Lamar Davis, Councilmember

_____
Michael Joiner, Councilmember

_____
T.M. "Chess" Robinson, Councilmember

_____
Betty S. Ziglar, Councilmember

ATTEST:

_____
Judy R. Young, City Clerk