IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

George D. McCarley
    Plaintiff
v.                              Civil Action No. 3:07-CV-311-MHT

CITY OF ROANOKE, et al.
    Defendant

REQUEST FOR PERMISSION OF EXTENSION OF TIME TO FILE OBJECTIONS

The court ordered objections to *order and recommendations* be filed by May 26, 2007. Now, due to the continuing efforts of plaintiff, the original City of Roanoke charges against McCarley are appealed to Randolph County Circuit Court. Venire is scheduled for May 14 with a trial scheduled for May 21, 2007. Given the overloaded Circuit Court docket and the presence of two capital crimes cases, there is a strong possibility McCarley case will be "bumped" until fall term. The problem now is that McCarley must sit around the courthouse awaiting the calling of his case and will not be able to do justice to any objections in 3:06 cv 311 by May 26. Therefore, we respectfully request this court grant an extension of time to file objections, until June 9, 2007.

The court may expect at minimum, the following points to be briefed in our objection.

2. The totality of immunity suggested by this court in response to *McCarley* is so onerous that it leads to the conclusion that any and all governmental operations and their personnel are fully immune to prosecution. The many public domain studies indicating the size of government equal to as much as 40% of our population and/or total economy suggest that no such grant of immunity can possibly be extended. While the many cases cited in 28 USC 1985 are meritorious on individual case basis, the totality of those cases simply destroys the precious protections of the United States Constitution and further, fully destroys the protections called civil rights, and has no appropriate

1

application to McCarley. While it was our *founding fathers* who first granted judicial immunity, that grant was conditioned by *Blackstone,* who stated many concerns related to any immunity beyond judicial. Original immunity was granted only to Supreme Court of the United States.

3. Construction of the *McCarley* complaint was closely influenced by *AmJur Trials*, the Model Trial for Police Misconduct. That model trial is conditioned and influenced by over 25 civil rights prosecutions, with some going to Supreme Court of the United States. The many briefs included are careful to discuss the points raised by this court in the dismissal order. There is serious conflict between the interpretation of this court and that of AmJur.

4. Totality of immunity suggested by this court violates the most precious intent of the United States Constitution and we will object on that basis.

5. Totality of immunity suggested by this court violates the most precious intent of Civil Rights legislation, to include the original Bill of Rights. All Americans are granted civil rights by our constitution. These rights were "dubbed" civil rights as the result of issues of the past hundred years. Therefore, any suggestion that *"race based animus"* must be present, very plainly opines contrary to the blood of tens of millions of Americans shed in protection of these rights since 1776. Race based animus can only be a factor in narrowly defined cases. To invoke any raced based factors thus limiting the reach of the civil rights granted to all Americans is yet another restriction on the intent of the founders in their drafting of our constitution.

6. The courts order has the duplicative effect of declaring *due process* to be dead. We will argue that if all governmental entities and courts are granted immunity, then they are free to destroy the tenets of due process at their leisure. This also destroys any and all intent of the founding fathers as regards the *natural rights of man* and *common law.*

7. The very same §1985 case citations quoted by this court on "immunity" also contains case citations declaring that "*liberal constructions be granted to pro se*" petitioners. There appears no liberal construction in this courts consideration and order.

8. AmJur Model Trial, along with many §1985 case citations make it clear that those granted the immunity indicated by this court are not granted immunity in their capacity as private citizens. This is further upheld by §1985 case citations.

9. The courts order fails to address specifically the complaints related to *constitutional amendments*. We will specifically address *the 6th amendment* complaint. The right to *Trial by Jury* was cited by the founding fathers as the second most important right to that of electing your representatives. *Habeas Corpus* being the 3rd most important right in their minds. (a) McCarley complaint specifically cited Alabama statutes that forbid municipalities to hold jury trials. Therefore by simple definition of statute, Alabama municipalities have no right of arrest. (b) Unless those arrested are immediately taken before a cognizant *magistrate* and then bound to a court of proper jurisdiction, that arrest is in full violation of the most basic tenets of law. (c) This court cited a municipal ordnance enacted to invoke all Alabama statutes as being "fair game" in Roanoke court. We will argue that such ordnance is fully unconstitutional as it ignores any and all tenets of the Alabama and United States Constitution. No one can enact such ordnance by virtue of the legal theory contained in the *10th amendment*. Because the constitution was in place FIRST, that constitution is the governing force until such time as it is amended appropriately in keeping with respective *rules of amendment*.

10. The courts surprising recommendation comes at a time when plaintiff has gained several new abilities to establish a "*meeting of the minds*" as required by §1985. While the many overt acts detailed in complaint appear to satisfy the "brief" provided by AmJur model trials, the heightened information available will make this case a "slam dunk" at trial. The sheer weight of

evidence of Overt acts being supported by strong testimony of "meeting of the minds" is specifically what §1983 and §1985 were enacted to redress.

11. The conspirators involved have one goal and one goal only. That is to run McCarley out of town by any means at their disposal. This is the natural response to their being caught violating all too many bodies of law. The courts order therefore plays right into their illegal hand and provides the conspirators this courts blessing of their criminal practices.

12. §1986 was enacted to penalize those who fail to take action to prevent a violation of civil rights. Perhaps it is time to build that element into this complaint.

13. Lastly, we will argue that at some time, the erosion of constitutional protections must and shall cease. McCarley is a US veteran with service in 4 war zones since leaving military service. McCarley has sworn an oath to "support and defend the constitution against all enemies . . ." He has found those enemies and prays this court will fulfill its obligation to likewise uphold the constitution.

Respectfully submitted

George D. McCarley, Pro Se
216B Chestnut Street
Roanoke, Al  36274
334-863-6489

PROOF OF SERVICE

I, George D. McCarley, do swear or affirm that on this date, May 12, 2007, as required by Supreme Court Rule 29 I have served the enclosed ACTION on each party to the above proceeding or that party's counsel, by depositing envelope containing the above documents in the United States Mail properly addressed to each of them, and with first class postage prepaid, or by delivery to a third party commercial carrier for delivery within 3 calendar days.

The Clerk
Middle District of Alabama, Eastern Division
One Church Street, PO Box 711
Montgomery, Al  36101-0711

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 12, 2007

George D. McCarley